United States District Court
Northern District of California

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MARSHAY MONDRELL MCKINZIE
(a/k/a "Shane McKinzie"),

        Defendant.

Case No.: CR-13-00047-CW (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Marshay Mondrell McKinzie (a/k/a "Shane McKinzie") is charged by Indictment with violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearms), 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (possession with intent to distribute heroin), 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (possession with intent to distribute cocaine), and 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (possession with intent to distribute marijuana), 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (possession with intent to distribute hydromorphone), 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (possession with intent to distribute oxycodone). On March 7, 2013, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study. On March 12, 2013, the court conducted a detention hearing. Defendant was present, in custody, and represented by Assistant Federal Public Defender Jerome Matthews. Assistant United States Attorney Brigid Martin appeared on behalf of the Government. For the reasons stated below, the court orders that Defendant be detained.

///

///

DETENTION ORDER
CR-13-00047-CW (KAW)        1

## II.  LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases."  *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c).  In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances."  *Motamedi,* 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception").  Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f).  At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person.  *Id.*  The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider  (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

DETENTION ORDER
CR-13-00047-CW (KAW)                                                2

or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment charges that on or about January 23, 2012, Defendant, having previously been convicted of a felony, possessed firearms, specifically a Ruger .40 caliber handgun, serial number 343-04450; an HK .40 caliber handgun, serial number 123-049012; and a Springfield Armory .40 caliber handgun, serial number US442567. At that time, Defendant was in an apartment with cocaine, heroin, marijuana, oxycodone, hydromorphone, and the three firearms, two of which were in plain view, and two of them were loaded. Defendant was also with a 17 year old female, who he identified as his sister.

Defendant was arrested in February 2013 for the January 2012 offense. Law enforcement arrested Defendant in a motel room, where recovered scales and packaging materials used to weigh and package illicit drugs, and $4,000 cash.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The offense charged in this case are felon in possession of firearms and five counts of possession with intent to distribute controlled substances, which gives rise to a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(2), (f)(1)(E). The presumption of detention shifts the burden of *production* to the defendant; the ultimate burden of persuasion remains with the government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

As to the weight of the evidence, while this is the least important factor, at the time of the initial offense, law enforcement recovered a variety of controlled substances and three firearms, two of which were loaded with ammunition. At the time of Defendant's arrest, law enforcement recovered items associated with drug sales, specifically scales and packaging materials, and $4,000 cash. At present, Defendant has not been charged in connection with the criminal activities in which he was engaged at the time of his arrest. These factors weigh in favor of detention.

///

///

///

DETENTION ORDER
CR-13-00047-CW (KAW)                          3

### B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Defendant is 27 years old and was residing at the Valley Motel in Concord, California for one month. He had previously resided with his mother in Concord, California for eight months. He completed the 11th grade, is currently unemployed, and has virtually no employment history. Defendant admitted to regular heroin and cocaine use, and last used both substances on the day of his arrest. He does not have a history of substance abuse counseling.

Defendant's criminal record dates back to 2000, when, as a juvenile, he was arrested and convicted of possession of cocaine base for sale. The Government proffered that Defendant has been selling drugs since 2006. Defendant has been arrested for gun-related offenses on at least two other occasions—in 2006 and 2008—both of which involved drugs and resulted in convictions for possession of cocaine base for sale. The 2008 incident occurred while Defendant was on probation, and that conviction resulted in 5 years of formal probation. Defendant remains on unsupervised probation stemming from the 2008 conviction, which is set to expire on November 13, 2013. In addition to the instant offense, Defendant has been arrested on at least two other occasions while on probation, including one firearms-related offenses, suggesting that he may not be amenable to community supervision.

### C. Risk of Nonappearance

Factors that indicate Defendant poses a risk of nonappearance include his unemployment status, one prior failure to appear, and his current, admitted use of heroin. Indicted on six federal counts, Defendant is facing a significant prison term if convicted. In addition, Defendant may be facing charges related to his criminal activity at the time of his February 2013 arrest.

Defendant proposed his mother Lavern Robinson as a surety. Ms. Robinson, while making herself available to Pretrial Services for interview, was initially unsure if she is willing to assist Defendant with bail or allow him to reside at her residence if he were to be released from custody. At the detention hearing, however, Ms. Robinson was present and willing to be a surety. Defense counsel explained that her initial reaction was because of an incident where law enforcement showed up at her house looking for Defendant and she did not want to go through

DETENTION ORDER
CR-13-00047-CW (KAW)                         4

that again. Ms. Robinson also informed the Court that Defendant does not have a sister, which contradicts Defendant's statements to law enforcement that the minor he was with on or about January 23, 2012 was his sister.

Defendant requested pretrial placement at New Bridge, so that he could be treated for his drug addiction. Ms. Robinson was willing to sign the bond if Defendant was released to New Bridge instead of her house. The New Bridge program is only 90-days and given Defendant's transient residential history and involvement with guns and drugs, it is not a viable solution. Further, Defendant was on probation at the time of the current offense, and since being placed on probation, he continues to engage in criminal activity, having been arrested multiple times for firearm and drug-related offenses. All of this suggests that he may not be amenable to community supervision. The Court notes that Defendant has used one alias, which appears to be a derivation of his name.

### III. CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community and a risk of nonappearance, and that there are no conditions or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 15, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR-13-00047-CW (KAW)                    5